# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | Case No. 2:17-cv-02948-RFB-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| SATICOY BAY LLC SERIES 7517 APPLE CIDER, a Nevada limited liability company; ELKHORN COMMUNITY ASSOCIATION, a Nevada non-profit corporation; JOHN CHERRY, an individual; and MARIA CHERRY, an individual, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court are three motions: Defendant Saticoy Bay LLC Series 7517 Apple Cider's ("Saticoy Bay) motion to dismiss, ECF No. 30; Saticoy Bay's motion for summary judgment, ECF No. 31; and Plaintiff JPMorgan Chase Bank, N.A.'s ("Chase") motion for summary judgment, ECF No. 32. For the following reasons, the Court grants Saticoy Bay's motion to dismiss and motion for summary judgment in part and denies Chase's motion for summary judgment in its entirety.

## II. PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes ("NRS") on November 19, 2013. See ECF No. 1. On November 28, 2017, Chase sued Defendants, asserting three claims: (1) declaratory judgment, (2) quiet title, and (3) unjust enrichment. Id. Chase bases its declaratory judgment claim on alleged constitutional violations, statutory violations regarding NRS Chapter 116, and principles of equity. Chase

///

ultimately seeks an order declaring the foreclosure sale void or declaring that its interest in the property was not extinguished by the foreclosure sale. Id.

After preliminary motion practice, this matter was stayed on July 12, 2018 until the Nevada Supreme Court resolved the certified question in SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018). ECF No. 27. The stay was lifted a month later. ECF No. 29.

Saticoy Bay now moves to dismiss the complaint. ECF No. 30. Chase opposed the motion, and Saticoy Bay replied. ECF Nos. 33, 34.

Saticoy Bay also moves for summary judgment. ECF No. 31. Chase opposed the motion. ECF No. 37. Saticoy Bay then replied. ECF No. 44.

Chase submits a competing motion for summary. ECF No. 32. Saticoy Bay and Defendant Elkhorn Community Association opposed the motion, and Chase replied. ECF Nos. 35–36, 41.

### III. MOTION TO DISMISS

The Court first resolves Saticoy Bay's motion to dismiss.

#### a. Factual Allegations

John Cherry and Donna Cherry obtained a loan to purchase the property at 7517 Apple Cider Street, Las Vegas, Nevada 89131. The loan was secured by a deed of trust that was recorded with the Clark County Recorder's Office on November 12, 2009. Chase is the beneficiary of the deed of trust.

The Elkhorn Community Association foreclosed on the property on November 19, 2013. FGC SFR Holdings, LLC purchased the property at the foreclosure but later conveyed its interests to Saticoy Bay. The parties dispute whether the nonjudicial foreclosure sale extinguished Chase's deed of trust under NRS Chapter 116.

#### b. Legal Standard

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations

of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### c. Discussion

Saticoy Bay argues that Chase's claims are barred by either the three-year or the four-year statute of limitations found in NRS 11.190(3) and NRS 11.220. Chase contends that it timely filed its claims because the five-year statute of limitations in NRS 11.070 or NRS 11.080 applies.

Accepting the allegations in the complaint as true, the Court determines whether "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted). A complaint may be dismissed as untimely only where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995). For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). The Court applies the appropriate statute of limitations to each of Plaintiff's claims below.

The Court finds that Chase's first and second claims are untimely, incorporating by reference and relying upon its reasoning in Nationstar Mortg. LLC v. Safari Homeowners Ass'n, No. 2:16-cv-02542-RFB-CWH, 2019 WL 121960 (D. Nev. Jan. 6, 2019) and Bank of New York Mellon v. Ruddell, 380 F.Supp. 3d 1096 (D. Nev. 2019). Here, the statute of limitations began to run on the date of the foreclosure sale: November 19, 2013. Chase filed the complaint on November 28, 2017—over four years later. Because a three-year statute of limitations bars Chase's claims based on alleged statutory violations and a four-year statute of limitations bars its claims based on constitutional violations and equitable principles, the Court grants the motion to dismiss in part and dismisses claim one and claim two.

But the Court does not dismiss claim three. Unlike the first two claims, the Court finds

that it cannot clearly determine when the statute of limitations began to run on the unjust enrichment claim from the face of the complaint. Thus, the claim is not necessarily barred by the statute of limitations. The Court allows the claim to proceed on the theory that Saticoy Bay benefitted from Chases's alleged "property preservation" payments, incorporating its reasoning in U.S. Bank Nat'l Ass'n v. SFR Investments Pool 1, LLC, No. 2:18-cv-00013-RFB-NJK, 2019 WL 1446961, at *5 (D. Nev. March 31, 2019).

### IV. MOTIONS FOR SUMMARY JUDGMENT

The Court now considers the parties' arguments on summary judgment regarding the sole claim surviving the motion to dismiss: the unjust enrichment claim.

#### a. Undisputed Facts

The Court reincorporates the factual findings detailed in the section of this order addressing the motion to dismiss and finds them to be undisputed. The Court further finds the following facts to be undisputed. Chase is the current beneficiary of the subject deed of trust. Since the foreclosure sale, Chase spent, through its attorney-in-fact Select Portfolio Servicing, Inc., $15,371.91 to protect and preserve the property. These payments included payment of taxes, trash removal, yard maintenance and winterization of the property. Chase was aware of the foreclosure sale when it happened and made these payments after it became aware of the foreclosure sale by the HOA.

#### b. Disputed Facts

The Court finds that there are no disputed facts.

#### c. Legal Standard

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply

show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### d. Discussion

Saticoy Bay argues that summary judgment must be entered on Chase's unjust enrichment claim for two reasons. First, Chase did not provide a benefit to Saticoy Bay since title was conveyed by the foreclosure agent rather than the bank. Second, the voluntary payment doctrine precludes Chase from recovering any funds paid after the foreclosure sale.

Chase also contends that summary judgment must be entered on its claim for unjust enrichment, but in its favor, arguing that it would be inequitable for Saticoy Bay to retain the $15,371.91 paid by the bank to protect and to preserve the property after the foreclosure sale. Chase argues that it should be excepted from the voluntary payment doctrine because it made its payments as a defense of its interest in the property or as a mistake of fact.

Unjust enrichment is a theory of restitution in which a plaintiff confers a benefit and seeks payment of "as much as he ... deserve[s]" for that benefit. Certified Fire Prot. Inc. v. Precision Constr., 283 P.3d 250, 257 (Nev. 2012) (alteration in original). "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment for the value thereof." Id. Benefit "denotes any form of advantage," including but not limited to retention of money or property. Id. But "principles of unjust enrichment will not support the imposition of a liability that leaves an innocent recipient worse off . . .than if the transaction with the claimant had never taken place." Id.

The voluntary payment doctrine is a "long standing doctrine" that "provides that one who makes a payment cannot voluntarily recover it on the ground that he was no longer under a legal

obligation to make the payment." <u>Nevada Ass'n Servs., Inc. v. Eighth Jud. Dist. Ct.</u>, 338 P.3d 1250, 1252 (Nev. 2014) (en banc). Under the doctrine, a party cannot recover a voluntary payment unless it can establish that it is subject to an exception. <u>Id</u>. at 1254. Because the voluntary payment doctrine is an affirmative defense, it is the defendant who bears the burden of proving its applicability. <u>Id.</u> Once a defendant has made a showing of voluntary payment, the burden shifts to plaintiff to demonstrate that an exception to the voluntary payment doctrine applies. <u>Id</u>. The Nevada Supreme Court has recognized payments made in defense of property as a valid exception to the doctrine. <u>Id</u>; <u>see</u> <u>also</u> <u>Cobb v. Osman</u>, 433 P.2d 259 (Nev. 1967).

As a preliminary matter, the Court finds that Chase can assert a valid unjust enrichment claim against Saticoy Bay because Saticoy Bay, as the property owner, benefitted from Chase's payments. See <u>JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC</u>, 414 P.3d 812 (Nev. 2018) (unpublished) (allowing bank's unjust enrichment claim to proceed against buyer of property at HOA foreclosure sale); <u>Topaz Mut. Co., Inc. v. Marsh</u>, 839 P.2d 606, 613 (Nev. 1992) (noting that property owners benefit from improvements made to property).

However, the Court also finds that Chase's unjust enrichment claim is barred by the voluntary payment doctrine. Saticoy Bay has met its burden of showing that Chase's payments were voluntary. Chase does not argue that it made the payments after the HOA foreclosure sale under protest. Nor does Chase argue that it lacked knowledge of the facts; indeed, the Court, as noted, finds that Chase or its predecessor received the HOA's Notice of Default and Election to Sell and the Notice of Sale, and the Foreclosure Deed was recorded just two days after the foreclosure sale. This is sufficient to satisfy Saticoy Bay's initial burden. <u>Nevada Ass'n Servs.</u>, 338 P.3d at 1254 (payor's admission that it made the payment, combined with the fact that the payor did not argue that it paid under protest or lacked knowledge of the facts, was sufficient for HOA's agent to meet its initial burden under the voluntary payment doctrine).

The burden thus shifts to Chase to prove an exception to the voluntary payment doctrine. It has not done so. Chase argues that the defense of property exception should apply in this case to save its unjust enrichment claim. "It is well settled that one is not a volunteer or stranger when he pays to save his interest in his property." <u>Cobb</u>, 433 P.2d at 263. The defense of property

exception does not apply here. First, Chase did not have an interest in the property at the time the payments were made. The HOA foreclosure sale extinguished its lien interest under Nevada law. SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 419 (Nev. 2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust). Thus, any payments it made did not serve to save its interest in that property. Second, even if Chase had retained some interest in the property, it has not established that its interest was in danger of being extinguished if the tax payments (and other payments) were not made. In Nevada Association Services, a related and illustrative case, the Nevada Supreme Court found the defense of property exception inapplicable and distinguished the case from Cobb, the foundational case for the exception in Nevada. 338 P.3d at 1256. In part, the Court in Nevada Association Services held as follows:

> Cobb involved a case where the payor risked losing his property interest in foreclosure if he did not pay another's loan. Here, Elsinore did not demonstrate any such risk existed. Although Elsinore demonstrated that Peccole Ranch placed a lien on Elsinore's property, there is no evidence showing that foreclosure proceedings were imminent. While a lien creates a security interest in property, a lien right alone does not give the lienholder right and title to property. Instead, title, which constitutes the legal right to control and dispose of property, remains with the property owner until the lien is enforced through foreclosure proceedings. Thus, a lien that is not subject to ongoing or imminent foreclosure proceedings does not create a risk of the loss of property. Furthermore, where a reasonable legal remedy is available to the payor, a payment made to relieve the lien is voluntary. Therefore, Elsinore's payment to release Peccole Ranch's lien does not meet Cobb's defense of property exception to the voluntary payment doctrine.

Id. at 1256–57 (citations and internal quotation marks omitted).

The reasoning of Nevada Association Services applies here. Chase has not demonstrated that foreclosure proceedings were imminent if the property tax was not paid on the property, and therefore has not shown that it risked losing its interest (even if it had one, which it did not) if it did not make the tax payments. Nor can Chase make the same showing regarding the trash removal, yard maintenance, or winterization expenses paid.

The Court also declines to find that the mistake of fact exception applies. Chase's payments of taxes post-foreclosure sale were not a mistake of fact. Whether Chase's predecessor-in-interest tendered payment that discharged the superpriority portion of the lien is a legal conclusion, rather than a factual one. The Nevada Supreme Court has recently confirmed that mistakes of law will not preclude application of the voluntary payment doctrine. <u>SFR Investments Pool 1, LLC</u>, 414 P.3d at 812 (noting that mistakes of law will not preclude application of the voluntary payment doctrine). For these reasons, the Court grants summary judgment in favor of Saticoy Bay on Chase's unjust enrichment claim.

### V. CONCLUSION

**IT IS ORDERED** that Defendant Saticoy Bay LLC Series 7517 Apple Cider's motion to dismiss (ECF No. 30) is GRANTED in part and DENIED in part. The Court dismisses claim one and claim two.

**IT IS FURTHER ORDERED** that Defendant Saticoy Bay LLC Series 7517 Apple Cider's motion for summary judgment (ECF No. 31) is GRANTED as to claim three and DENIED as moot as to claims one and two.

**IT IS FURTHER ORDERED** that Plaintiff JPMorgan Chase Bank, N.A.'s motion for summary judgment (ECF No. 32) is DENIED in its entirety.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case is expunged.

The Clerk of the Court is instructed to enter judgment accordingly and close the case.

DATED: <u>September 25, 2019</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**